```
           IN THE UNITED STATES DISTRICT COURT
                       FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

STEVEN ROBERTS,                      :
                                     :
          Petitioner                 :
                                     :
     v.                              :   CIVIL NO. 3:CV-12-1613
                                     :
DAVID VARANO,                        :   (Judge Conaboy)
                                     :
          Respondent                 :
_____

## MEMORANDUM
### Background

Steven Roberts, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Coal Twp. Superintendent David Varano.

According to the Petition, on January 7, 2009, Roberts was convicted of aggravated assault following a jury trial in the Huntingdon County Court of Common Pleas. Petitioner was sentenced to a ten (10) to twenty (20) year term of imprisonment on February 17, 2009. There is no indication by Petitioner that he either filed a direct appeal or sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1]

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

1

Petitioner's pending action states that a pro se pre-trial motion as well as a supplemental pre-trial motion by his standby trial counsel included challenges to the trial court's jurisdiction.[2] See Doc. 1, ¶ 6. Roberts vaguely contends that he is entitled to federal habeas corpus relief on the basis that "the Trial Court lacked Subject Matter Jurisdiction" Id., ¶ 7. He generally alleges that the original Pennsylvania State constitution does not confer the Pennsylvania courts of common pleas with jurisdiction over criminal matters. Accordingly, Petitioner concludes that since the Pennsylvania courts of common pleas are only vested with civil jurisdiction, his criminal sentence which was imposed by the Huntingdon County Court of Common Pleas is illegal. The Petition offers no other supporting facts or allegations.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify

---

[2] Although not expressly stated in the petition, it is apparent that both motions were denied by the state trial court.

2

the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

**Fair Presentation**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).³ See generally, Knowles v. Mirzayance, __ U.S. __,

---

³ Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

3

2009 WL 746274 *3 (March 24, 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the

particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding).

Fair presentation requires that the substantial equivalent of the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts.

A jurisdictional claim challenges the trial court's "statutory or constitutional *power* to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002). The Pennsylvania courts of common Pleas derive their original jurisdiction over both civil and criminal matters from Article V, Section 5 of the Pennsylvania Constitution except as otherwise provided by law. In re Larsen, 812 A. 2d 640, 649 (Pa. Spec. Trib. 2002); Commonwealth v. McNeil, 808 A.2d 950, (Pa. Super. 2002)(courts of common pleas have jurisdiction to hear murder cases).

In Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007) the Court of Appeals for the Third Circuit similarly recognized that the Pennsylvania state trial courts "have subject matter jurisdiction over criminal proceedings by virtue of prima facie

evidence that a violation of Pennsylvania's criminal code occurred within the county of trial." See also United States v. McClellan, 350 Fed. Appx. 767, 769 (3d Cir. 2009)(all courts of common pleas have statewide subject matter jurisdiction in cases arising under the crimes Code).

Based upon an application of the above well settled standards for federal habeas corpus review, Petitioner's bald, wholly unsupported assertion that the Pennsylvania courts of common pleas do not have subject matter jurisdiction over criminal matters does not adequately set forth a viable claim for federal habeas corpus relief. The Petition's mere conclusory assertion of lack of subject matter jurisdiction is simply insufficient.

**Timeliness**

Roberts' pending § 2254 petition is dated August 13, 2012,[4] and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court). Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .

---

[4] See Doc. 1, p. 4.

6

> (d)(2) The time during which a properly
> filed application for State post-
> conviction or other collateral review
> with respect to the pertinent judgment
> or claim is pending shall not be counted
> toward any period of limitation under
> this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. Petitioner states that he was sentenced on February 17, 2009. Under Pennsylvania state law, Roberts had 30 days after imposition of the sentence in which to file a direct appeal. Pa. R. Crim. P. 720(A)(3). Based upon a review of the pending Petition there is no indication that he filed a direct appeal. Hence, it appears that Petitioner's conviction became final for purposes of § 2244(d) and the limitations period began to run on March 19, 2006, when he failed to initiate a direct appeal.

Moreover, since Petitioner does not indicate that he sought relief under the PCRA there is no apparent basis for a determination that he is entitled to statutory tolling. Based upon the above circumstances, Roberts' action may also be alternatively subject to dismissal as being untimely.

**Exhaustion**

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State

7

court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding.

Since the pending Petition does not assert that Roberts filed either a direct appeal or a PCRA action it appears that the Pennsylvania Superior Court has never been presented with any claim or argument whatsoever by Roberts. Since the Superior Court may not have been afforded with any opportunity whatsoever to address the legality of Petitioner's pending lack of jurisdiction argument dismissal on the basis of non-exhaustion of

state court remedies might also be appropriate.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 31, 2012