IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN ROBERTS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-12-1613 |
| | : | |
| DAVID VARANO, | : | (Judge Conaboy) |
| | : | |
| Respondent | : | |

_____

**MEMORANDUM**
**Background**

Steven Roberts, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Service of the Petition was previously ordered.

Petitioner states that he was convicted of aggravated assault on January 7, 2009 following a jury trial in the Huntingdon County Court of Common Pleas.[2] Roberts was sentenced to a ten (10) to twenty (20) year term of imprisonment on February 17, 2009 which was to run consecutively to other sentences being served by the Petitioner. See Doc. 1, ¶ 3.

---

[1] This Court issued an Order on September 27, 2012 which stated that based upon the nature of Robert's allegations and his requested relief, his action would be construed as a § 2254 petition. See Doc. 11.

[2] Roberts represented himself at trial.

1

Roberts's pending action generally argues that he is entitled to federal habeas corpus relief on the basis that "the Trial Court lacked Subject Matter Jurisdiction" Doc. 1, ¶ 7. Roberts alleges that since the Pennsylvania Courts of Common Pleas are only vested with civil jurisdiction, his criminal sentence which was imposed by the Huntingdon County Court of Common Pleas is illegal. He indicates that his lack of jurisdiction argument was raised before the trial court in a pro se pre-trial motion as well as a supplemental pre-trial motion filed by his standby trial counsel. See id. at ¶ 6.

The Petition also vaguely indicates that Roberts filed a pro se direct appeal with the assistance of stand by counsel. See id., ¶ 4. Roberts later sought collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3]

This Court issued an Order on July 9, 2013 directing the Respondent to answer the allegations in the request for habeas corpus relief and state their position as to whether the Petitioner exhausted his available remedies under state law with respect to the claims pending before this Court. See Doc. 19. The answer was to be accompanied by relevant records from Roberts' state court.

---

[3] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

By Memorandum and Order dated October 22, 2013, this Court granted Respondent's motion for stay and adjudication of Roberts' federal habeas corpus action was stayed pending disposition of the Petitioner's second Pennsylvania state PCRA action. See Doc. 23. In addition, Respondent was directed to file a response in accordance with this Court's July 9, 2013 Order within thirty (30) days of the termination of state court proceedings.

On October 27, 2014, Roberts filed an amended motion to cease the stay indicating that his state court proceedings had terminated. See Doc. 30. Petitioner's unopposed amended motion to cease the stay was granted on November 25, 2014 and this matter was reopened. Since a response and traverse were subsequently submitted by the parties, this matter is now ripe for consideration.

## **Discussion**

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. See Preiser v. Rodriquez, 411 U.S. 475, 486-87 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in Suggs v. Bureau of Prisons, Civil No. 08-3613, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is

3

unavailable." Since Petitioner is clearly attacking the legality of his state aggravated assault conviction and sentence this matter is properly pursued under § 2254.

Respondent seeks dismissal of the Petition on the grounds that it was untimely filed, Roberts failed to exhaust his available state court remedies, and his sole claim for relief lacks merit. See Doc. 34.

**Timeliness**

Respondent agrees that Roberts filed a pro se notice of appeal to the Superior Court of Pennsylvania. However, Respondent points out that Petitioner's direct appeal was dismissed by the Superior Court on May 12, 2009 for his failure to file a docketing statement.[4] The Respondent adds that Roberts did not seek further review from the Supreme Court of Pennsylvania. Petitioner generally counters that legal challenges to jurisdiction "can be raised at any time." Doc. Doc. 35, p. 3.

On December 3, 2009, Petitioner initiated a pro se PCRA action with the state trial court. Following appointment of counsel, an amended counseled petition was filed. The sole claim raised in the PCRA action was a claim that the Commonwealth made personal assertions of guilt during closing argument which violated Roberts' right to a fair trial.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

---

[4] Pennsylvania Rule of Appellate Procedure 3517 requires the filing of a docketing statement..

4

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences).

**Statutory Tolling**

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations,

5

not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d. 153, 159 (3d Cir. 1999), citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Roberts' pending § 2254 petition is dated August 13, 2012, and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court.

It is undisputed that Petitioner's sentence was imposed on February 17, 2009.  Petitioner's direct appeal was dismissed by the Superior Court on May 12, 2009 for his failure to file a docketing statement. On December 3, 2009, Petitioner filed his initial PCRA action.  The trial court dismissed the PCRA action on July 2, 2010.  Roberts did not appeal the dismissal to the Pennsylvania Superior Court.

Roberts filed a second PCRA action on July 5, 2011. Counsel was appointed, an amended petition was submitted, and a hearing was held. The petition was ultimately dismissed by the trial court on November 1, 2013.[5]  After the dismissal was affirmed by the Superior Court, Petitioner sought review from the Pennsylvania Supreme Court which denied his petition for allowance of appeal on October 8, 2014.

---

[5] While the second PCRA action was pending in state court, this § 2254 action was filed on August 13, 2012.

6

Pursuant to the undisputed time line, Roberts' conviction became final on June 12, 2009 and the one (1) year limitations period began to run, when he failed to seek further review from the Pennsylvania Supreme Court with respect to his direct appeal. After the passage of 175 days, the running of the limitations period was thereafter tolled during the period when Petitioner's initial PCRA action was pending before the Pennsylvania state courts (December 3, 2009- July 2, 2010). The running of the remaining portion of the limitations period resumed on August 3, 2010 when the deadline for seeking PCRA review from the Superior Court expired.

Clearly, the § 2244(d) one year limitations period expired prior to the July 5, 2011 filing of a second PCRA action (337 days later) by Roberts as well as the August 13, 2012 filing of this § 2254 action. It is also noted that Petitioner's pending arguments are not based a newly recognized constitutional right which the United States Supreme Court has made retroactively applicable. See § 2244(d)(1)(C).

Moreover, the factual predicate of Petitioner's pending claim was discoverable at the time his sentence was imposed. See id. at (D). There is also no indication that any State action impeded Petitioner's ability to seek federal habeas corpus relief. Based upon the above undisputed factors, there is no basis for statutory tolling. Since this action was not initiated until August 13, 2012, well after the expiration of the

7

applicable one year limitations period of § 2244(d), it is clearly untimely.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could establish that Petitioner's clearly established failure to timely pursue his pending federal claim in

8

state court was caused by being misled by the Commonwealth, or that pursuit of that argument was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant. Pursuant to the above discussion, a viable basis for a finding of equitable tolling has not been established.

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was filed after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration.

**Exhaustion**

The second argument raised by Respondent maintains that Roberts did not properly exhaust his available state court remedies. See Doc. 34-1, p. 9. Specifically, Respondent argues that the sole pending claim of lack of subject matter jurisdiction before this court was not raised on direct appeal or in Petitioner's first PCRA action. Furthermore, Respondent contends that said argument was not included in Roberts' appeal from the initial denial of his second PCRA action. See id. As a result, the Respondent concludes that the pending action should not be entertained by this Court. Petitioner's reply vaguely asserts that a challenge to jurisdiction cannot be procedurally defaulted. See Doc. 35, p. 4.

9

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[6]  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"  Woodford v. Ngo, __ U.S.

---

[6] A Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

10

__, 126 S.Ct. 2378, 2386-87 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847.  The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).  The exhaustion requirement is satisfied if the

petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

As previously discussed, Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that the trial court was only vested with civil jurisdiction and as such lacked jurisdiction over his state criminal prosecution.

Based upon a review of the undisputed state court record, this Court agrees that Roberts' sole pending claim of lack of subject matter jurisdiction was not raised on direct state court appeal or in Petitioner's first PCRA action. Furthermore, it was not included in Roberts' appeal from the initial denial of his second PCRA action. See id. As such it was not properly exhausted in state court.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice"

12

or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Given Petitioner's failure to offer any viable explanation as to why he did not properly and fully exhaust his sole pending claim in either his direct appeal or his PCRA actions, he has failed to establish cause and resulting prejudice for his procedurally defaulted argument. His unsupported argument that his jurisdiction challenge cannot be procedurally defaulted is not compelling. It is especially noted that although Petitioner's pending jurisdiction challenge was raised in his second PCRA action before the trial court (See Doc. 34-8), there is no viable explanation as to why that claim was not included in the Superior Court appeal from Roberts' second PCRA action. See Doc. 34-18. There is also no basis for a finding that a fundamental miscarriage of justice would result if said claim was not addressed on its merits. Respondent's request for dismissal of this procedurally defaulted argument is likewise meritorious.

**Merits Analysis**

Relying on language from Commonwealth of Pennsylvania v. Franklin, 4 U.S. 316, 318 (1804), Petitioner contends that the "power and cognizance" of the Judges of the Pennsylvania Courts of Common Pleas "do not extend to criminal cases."

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given

13

effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[7]  See generally, Knowles v. Mirzayance, __ U.S. __, 2009 WL 746274 *3 (March 24, 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  Williams v. Taylor, 529 U.S. 362, 404-405 (2000).  As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the

---

[7]  Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

14

> state court correctly identifies the
> governing legal principle from our
> decisions but unreasonably applies it to
> the facts of the particular case. . . .
> The focus of the latter inquiry is on
> whether the state court's application of
> clearly established federal law is
> objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case.  See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding).  Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

Petitioner's sole argument maintains that the Huntingdon Court of Common Pleas lacked subject matter jurisdiction over his criminal prosecution because such Pennsylvania state courts are only vested with civil jurisdiction.  It is initially noted that the Franklin decision cited by Petitioner was limited to addressing the differences which existed in 1804 between Courts of Common Pleas and Courts of Quarter Sessions.  However, it is well settled that "[a]ll Courts of Common Pleas have original jurisdiction over criminal proceedings." Commonwealth v. Nixon, 2014 WL 10588383 * 1 (Pa. Super.  Sept. 12, 2014); Commonwealth v. McNeil, 665 A.2d 1247, 1251 (Pa. Super 1995).  Likewise, "Pennsylvania trial courts have subject matter jurisdiction over criminal proceedings" for criminal code violations which occurred within the county of trial.  Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007).

Pursuant to the above cited decisions, Petitioner's sole claim for relief also clearly lacks merit.  The petition for writ of habeas corpus will be denied.  An appropriate Order will enter.


                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge


DATED: NOVEMBER 18, 2015